Common Pleas Court of Hamilton County.

STATE OF OHIO, EX REL, MICHAEL NAGY V. INDUSTRIAL COMMISSION.

Decided January 12, 1933.

*Divers & Warm,* for plaintiff.
*Raymond J. Kunkel,* for defendant.

ALFRED MACK, J.

In the amended petition plaintiff seeks a writ of mandamus against the Industrial Commission of Ohio under the following circumstances:

That he sustained an injury while in the employ of the Austin Company, an Ohio corporation, and while in the performance of his employment; that he made application to the Industrial Commission for an order allowing compensation for such injury; that the commission ordered he be paid for temporary total disability; that plaintiff was compensated for such temporary partial disability

in the sum of eleven hundred thirty dollars ($1130.40) forty cents; that thereafter the Industrial Commission of Ohio ordered as follows:

"That claimant be compensated for permanent partial disability, equal to total loss of the left foot, less any amount previously paid for temporary partial disability."

It is alleged that the commission has failed to see that further compensation be paid to plaintiff in accordance with said order, although such duty is enjoined upon it by Section 1465-80, General Code.

Defendant admits that it made the order hereinbefore set forth and says that the said Austin Company, the employer of the claimant had obtained permission to pay compensation direct to its injured employes as provided by Section 1465-69, General Code; that claimant after his injury acted in pursuance to the provisions of Section 1465-74, General Code, and filed with the commission an application for the determination of the amount of compensation due him from his employer. It is further alleged that by reason of the finding hereinbefore set forth "the employer was ordered to pay the claimant compensation on account of said injury, for the loss of his left foot, less any amount previously paid for temporary partial disability; that subsequently thereto, on August second, 1929, the employer filed its report showing that such amount had been paid". It is alleged that there is nothing further for the commission to do in said cause, and there is a prayer that the writ be dismissed.

Upon the foregoing pleadings plaintiff moves for judgment upon the same.

Section 1465-69, General Code empowers the commission, under certain circumstances, to authorize the employer to pay compensation direct to its employe.

Section 1465-74, General Code provides for a redress of employe when employer has failed to pay compensation. Under such circumstances the commission certifies the matter to the attorney general who is required forthwith to institute a civil action against the employer in the name of the state for the collection of the award.

It is apparent from the foregoing that after the commission has fixed the award to be paid by the employer,

who is permitted to pay direct to his employe, one of two things only remain to be done. These are: if the employer pays the award the matter is at an end, and there is nothing further for the Industrial Commission to do; if the employer fails to pay the award then the matter is certified to the attorney general for suit.

Inasmuch as the answer expressly states that the employer was ordered to pay the award and that the employer filed its report showing that such amount had been paid nothing remains to be done by the Industrial Commission, and no action can be maintained against it.

From the foregoing it follows that the motion calling for a writ of mandamus against the Industrial Commission upon the pleadings must be denied.

In view of the conclusion reached it is not necessary to discuss other points argued by counsel.